FILED
2020 AUG -3 A 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEE CUNNINGHAM,
    Plaintiff,

v.

WAL-MART STORES EAST, LP
    Defendant.

CASE NO.:
2:20-CV-1100-ACA

## COMPLAINT

Plaintiff, LEE CUNNINGHAM, appearing *pro se*, hereby brings this action against Defendant, WAL-MART STORES EAST, LP., and states:

### NATURE OF THE CLAIMS

1. This is an action for damages exceeding $15,000.00 for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C § 2601 et seq. ("FMLA"), and the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

### ADMINISTRATIVE EXHAUSTION

2. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") on or about November 18, 2019. Charge 420-2020-00373 (the "Charge") alleged that Defendant subjected Plaintiff to disability discrimination, and retaliated against him for opposing the discrimination.

3. The EEOC issued a Notice of Right to Sue (hereinafter referred to as "RTS Notice") on May 19, 2020.

4. Plaintiff received the RTS Notice of May 19, 2020. (See Exhibit "A").

5. Plaintiff has now filed this Complaint within ninety (90) days of receipts of the RTS Notice.

6. Plaintiff exhausted all administrative remedies available to him prior to filing this Complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8. Venue is proper in the Northern District of Alabama, because Defendant operates its facilities for business in this district.

## THE PARTIES

9. At all times material hereto, Plaintiff was a resident of the State of Alabama.

10. At all times material hereto Defendant transacted business and performed services in this Judicial District.

11. Defendant was Plaintiff's employer during all times relevant to this Complaint.

12. Defendant operates a store located at 1007 Red Farmer Drive Hueytown, Alabama 35023. That store is Defendant's Store #4497.

## GENERAL ALLEGATIONS

13. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, ADA, and retaliated against Plaintiff for attempting to exercise these same rights.

14. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

15. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

16. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA, employing fifty (50) or more employees within a seventy five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or preceding year.

17. At all times material hereto, Defendant employed fifteen (15) or more employees. thus Defendant is an "employer" within the meaning of the ADA.

18. Plaintiff requests a jury trial for all issues so triable.

## STATEMENT OF FACT

19. Plaintiff began working for Defendant in March 2014 as a Cashier. Plaintiff continued working for Defendant in various supervisory roles for five (5) years and was promoted and serving as Assistant Store Manager until his termination in July 2019.

20. While employed with Defendant, Plaintiff satisfactorily performed the job requirements of his position.

21. Plaintiff was eligible for FMLA leave. Plaintiff took FMLA leave in 2017, 2018 and 2019.

22. In May of 2019, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

23. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

24. Specifically, Plaintiff suffered from anxiety.

25. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

26. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

27. On or about May 29, 2019 Plaintiff requested FMLA leave through Sedgwick. Plaintiff also spoke to Store Manager Cherilyn Lewis and Regional Human Resources Manager Marc Lawson, about his medical condition and request for leave.

28. Cherilyn Lewis refused to engage in interactive discussion regarding Plaintiff's request for accommodation.

29. Marc Lawson refused to engage in interactive discussion regarding Plaintiff's request for accommodation.

30. Specifically, Store Manager Cherilyn Lewis told Plaintiff that "she didn't care about his medical condition and was not going to approve anything."

31. Marc Lawson told the Plaintiff he would not approve any accommodations.

32. Plaintiff was terminated on July 12, 2019, as a result of his serious health conditions, for attempting to exercise his rights under the FMLA, because of Plaintiff's disability, and/or in retaliation for his request for a reasonable accommodation.

## COUNT I – FMLA INTERFERENCE

33. Plaintiff re-alleges and readopts the allegations of Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Plaintiff exercised his FMLA rights and Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(1).

35. Defendant;s actions were willful and done with malice.

36. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) The Court enter a judgment that Defendant interfered with Plaintiff;s rights in violation of the FMLA;

d) An injunction restraining continued violation of the FMLA;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

g) Front pay;

h) Liquidated Damages;

i) Prejudgment interest on all monetary recovery obtained;

j) For such further relief as the Court deems just and equitable.

## COUNT II – FMLA RETALIATION

37. Plaintiff re-alleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

34. Plaintiff exercised his rights under the FMLA.

39. Defendant retaliated against Plaintiff for attempting to exercise his FMLA rights, including but not limited to Plaintiff's termination.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

d) An injunction restraining continued violation of the FMLA;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

g) Front pay;

h) Liquidated Damages;

i) Prejudgment interest on all monetary recovery obtained;

j) For such further relief as the Court deems just and equitable.

## COUNT III – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 41 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class under the ADA.

44. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and or/perceived disability.

45. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

46. Defendant's actions were willful and done with malice.

47. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) For such further relief as the Court deems just and equitable.

## COUNT IV – ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

48. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

49. Plaintiff is disabled, or was perceived by Defendant as being disabled.

50. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

51. Defendant's actions were willful and done with malice.

52. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) For such further relief as this Court deems just and equitable.

## COUNT V – ADA RETALIATION

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 52 of this Complaint, as though fully set forth herein.

54. As a qualified individual with a disability Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

55. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

56. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

57. Defendants actions were willful and done with malice.

58. The adverse employment action that Defendant took against Plaintiff was

material.

59. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff;s rights under the ADA;

    d) That this Court enter an injunction restraining continued violation of the ADA;

    e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration fort violation of the Plaintiff's civil rights;

    f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h) Any other compensatory damages, including emotional distress, allowable at law;

    i) Punitive damages;

    j) Prejudgment interest on all monetary recovery obtained.

    k) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ *[signature]*

**LEE CUNNINGHAM**
28 Thomas Fulgham Rd
Brierfield, Al 35035
205-690-0606
leecunningham@live.com


**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**WAL-MART STORES EAST, LP
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST, SUITE 605
MONTGOMERY, AL 36104**

# EXHIBIT "A"

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Lee F. Cunningham, Jr.  
28 Thomas Fulgham Road  
Brierfield, AL 35035

From: Birmingham District Office  
Ridge Park Place  
1130 22nd Street South  
Birmingham, AL 35205

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-00373 | DEBRA N. POWELL, Investigator | (205) 212-2085 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     /for     May 19, 2020  
**BRADLEY A. ANDERSON,**     *(Date Mailed)*  
District Director

cc: **WALMART**  
c/o Holly Tomchey, Attorney  
Littler Mendelson, P.C.  
2301 McGhee Street, 6th Floor  
Kansas City, MO 64108

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.