IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEE CUNNINGHAM,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ]    2:20-cv-01100-ACA |
| | ] |
| **WAL-MART STORES EAST, LP,** | ] |
| | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION

Before the court is Defendant Wal-Mart Stores East, LP's ("Walmart") motion to dismiss Counts Three, Four, and Five of the complaint. (Doc. 14).

Plaintiff Lee Cunningham alleges that Walmart violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), by terminating him after he requested time off to deal with his anxiety. (Doc. 1). Specifically, Mr. Cunningham alleges that (1) Walmart discriminated against him based on his disability, in violation of the ADA ("Count Three"); (2) Walmart denied him a reasonable accommodation for his disability, in violation of the ADA ("Count Four"); and (3) Walmart retaliated against him for requesting an accommodation, in violation of the ADA ("Count Five").

Walmart moves to dismiss the ADA claims. (Doc. 14). The court **WILL GRANT IN PART AND DENY IN PART** the motion. The court **WILL DISMISS** Mr. Cunningham's claims relating to his request for, denial of, or retaliation for requesting a reasonable accommodation **WITH PREJUDICE** for failure to exhaust administrative remedies. The court **WILL DENY** the motion to dismiss the claim of discriminatory termination.

I.  **BACKGROUND**

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F. 3d 1261, 1265 (11th Cir. 2012). But "[u]nder the doctrine of incorporation by reference, [the court] may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Luke v. Gulley*, 975 F.3d 1140 (11th Cir. 2020). In his complaint, Mr. Cunningham refers to a charge of discrimination he filed with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1 at 1 ¶ 2). Walmart attaches the EEOC charge to its motion to dismiss. (Doc. 14-1). Mr. Cunningham does not dispute its authenticity or its centrality to his claim. (*See generally* Doc. 18). Accordingly, the court will consider

the content of Mr. Cunningham's EEOC charge in addition to the allegations contained in the complaint.[1]

Mr. Cunningham, who suffers from anxiety, worked at Walmart from 2014 until his termination in July 2019. (Doc. 1 at 3 ¶ 19, 4 ¶ 24). On May 29, 2019, he requested FMLA leave. (*Id.* at 4 ¶ 27). The store manager told him that she "didn't care about his medical condition and was not going to approve anything" (*id.* at 5 ¶ 30), and "refused to engage in interactive discussion regarding [Mr. Cunningham's] request for accommodation" (*id.* at 5 ¶ 28). Likewise, the regional human resources manager declined to "engage in interactive discussions" or approve any accommodations for Mr. Cunningham. (*Id.* at 5 ¶¶ 29, 31).

Mr. Cunningham took an approved leave of absence based on his disability from June 3, 2019, until July 11, 2019. (Doc. 14-1 at 1). At 5:00 pm on July 12, 2019, he checked his email and saw that he had been scheduled to work a shift from 12:00 pm to 10:00 pm that day. (*Id.*). He immediately responded that he had not seen the email before the shift started and that he would report to work on July 13, 2019. (*Id.* at 1–2).

On July 12 or 13, 2019, Walmart terminated Mr. Cunningham, telling him that the reason was job abandonment. (Doc. 1 at 5 ¶ 32; Doc. 14-1 at 2). In his

---

[1] The court notes, however, that even if it excluded the facts found within Mr. Cunningham's EEOC charge, the result would remain the same.

EEOC charge, Mr. Cunningham asserted that the true reason for his termination was retaliation for reporting a racially derogatory remark the store manager had made. (*Id.*). In his complaint, he alleges that the termination was "as a result of his serious health conditions, for attempting to exercise his rights under the FMLA, because of [his] disability, and/or in retaliation for his request for a reasonable accommodation." (Doc. 1 at 5 ¶ 32).

## II.   DISCUSSION

In Count Three, Mr. Cunningham asserts that Walmart discriminated against him, in violation of the ADA, by terminating him, refusing "to engage in an interactive discussion about accommodations" and by denying him a reasonable accommodation. (Doc. 1 at 5 ¶ 32, 8 ¶ 45). In Count Four, Mr. Cunningham asserts that Walmart failed to provide him with a reasonable accommodation, in violation of the ADA. (*Id.* at 9 ¶ 50). In Count Five, Mr. Cunningham asserts that Walmart retaliated against him for requesting an accommodation, in violation of the ADA. (*Id.* 10 ¶¶ 55–56). Walmart moves to dismiss all three counts for failure to administratively exhaust the claims and failure to state a claim. (Doc. 14 at 6–20).

### 1. Administrative Exhaustion

A plaintiff seeking to file a claim under the ADA must first exhaust his administrative remedies, beginning by filing a charge of discrimination with the EEOC. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018); *see* 42

U.S.C. § 12117(a), cross-referencing *id.* § 2000e-5(e)(1).  A plaintiff exhausts his administrative remedies if his "complaint is like or related to, or grew out of, the allegations contained in the EEOC charge." *Batson*, 897 F.3d at 1328 (alterations omitted).  "[J]udicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Id.* at 1327.

In Mr. Cunningham's EEOC charge, he alleged that he had a disability (which he did not identify), that he had reported a racially derogatory remark the store manager made to him, that the store manager's behavior was aggravating his disability, that he took an approved leave of absence, and that he was terminated when he did not return to work on the first day after the leave of absence ended.  (Doc. 14-1 at 1–2).  He concluded by stating that he believed the termination was retaliation for reporting the racially derogatory remark and that he "was subjected to discrimination because of [his] disability."  (*Id.* at 2).

By contrast, Mr. Cunningham's complaint lists three counts relating to the ADA, arising out of two separate acts: (1) terminating his employment based on his disability (asserted in Count Three), and (2) denying him a reasonable accommodation (asserted in Counts Three and Four), then retaliating against him for requesting a reasonable accommodation (asserted in Count Five).  (*See* Doc. 1 at 8–10).  In light of the Eleventh Circuit's clear instruction not to strictly interpret the

5

scope of the EEOC charge, the court finds that Mr. Cunningham's EEOC charge exhausted the discriminatory termination claim, but not the claims relating to a reasonable accommodation.

With respect to the claim of discriminatory termination, the EEOC charge expressly stated that Mr. Cunningham had a disability, that he complained about the store manager's behavior aggravating his disability, and that he believed Walmart's termination was disability-related discrimination. (Doc. 14-1 at 1–2). Although the factual allegations in the charge were sparse, they are sufficient to administratively exhaust that claim.

However, the EEOC charge did not assert an ADA accommodation claim. The factual allegations made in the EEOC charge say nothing about Mr. Cunningham's need for an accommodation, request for an accommodation, or denial of an accommodation. (*See* Doc. 14-1). The EEOC's investigation cannot reasonably be expected to encompass an accommodation claim based on this charge. *See Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) ("[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."). Moreover, given that the EEOC charge says nothing about an accommodation, the EEOC investigation could not reasonably be expected to encompass retaliation based on a request for an accommodation.

The court will not dismiss the part of Count Three asserting a claim of discriminatory termination based on a failure to exhaust administrative remedies, but the court **WILL GRANT** the motion to dismiss the other ADA claims, all of which relate to an ADA accommodation claim. The court **WILL DISMISS** those claims **WITH PREJUDICE** for failure to exhaust administrative remedies.

2. Failure to State a Claim

The only claim remaining is for discriminatory termination, in violation of the ADA. (Doc. 1 at 8 ¶ 45). Walmart moves to dismiss that claim for failure to state a claim. (Doc. 14 at 6–9, 16).

"To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and alteration omitted). In other words, the court

must accept all factual allegations, but must disregard "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005).

First, Walmart argues that the claim fails because Mr. Cunningham's allegation that he suffers from anxiety is insufficient to allege that he has a disability. (Doc. 14 at 7–9). The ADA gives several definitions of "disability," but the relevant definition for purposes of this motion is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). Construed in his favor, Mr. Cunningham's allegation that he suffers from anxiety—especially anxiety severe enough to warrant over a month of medical leave from work—is sufficient to establish, at the dismissal stage, that he has a disability as defined by the ADA. The court will not dismiss Mr. Cunningham's claim on this basis.

Next, Walmart argues that the discriminatory termination claim fails because Mr. Cunningham did not allege any facts showing that he was treated differently from any non-disabled individuals. (Doc. 14 at 16). This appears to be an argument

8

that Mr. Cunningham has not alleged facts that would satisfy the *prima facie* prong of the *McDonnell Douglas* test. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Even assuming that the *McDonnell Douglas* test in a disability discrimination case requires comparator evidence, *see Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004) (setting out the elements of a *prima facie* case under the ADA), the *McDonnell Douglas* test "is an evidentiary standard, not a pleading requirement," *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). This is because *McDonnell Douglas* is but one method by which a plaintiff may establish a claim of employment discrimination. *See id.* at 511–12 (2002). As the Supreme Court has said, it is "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id.*

Walmart's final argument is that Mr. Cunningham cannot assert a discrimination claim based on an alleged "failure to engage in the interactive process." (Doc. 14 at 15). But Mr. Cunningham expressly alleges that he was terminated because of his disability. (Doc. 1 at 5 ¶ 32). Even though a failure to engage in discussion may not be a freestanding ADA claim, discriminatory termination is. *See* 42 U.S.C. § 12112(a). Accordingly, the court **WILL DENY** the

motion to dismiss the part of Count Three asserting a claim of disability-related discriminatory termination.

### III.  CONCLUSION

The court **WILL GRANT IN PART AND DENY IN PART** Walmart's motion to dismiss Counts Three, Four, and Five.  The court **WILL DENY** the motion to dismiss the part of Count Three asserting a claim of disability-related discriminatory termination.  The court **GRANTS** the motion with respect to all other ADA claims, and **WILL DISMISS** those claims **WITH PREJUDICE** for failure to exhaust administrative remedies.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this November 30, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE